Filed 1/30/14  P. v. Dixon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAMUEL DIXON,<br><br>    Defendant and Appellant. | C073022<br><br>(Super. Ct. No. 12F03378) |

A jury convicted defendant Samuel Dixon of the unlawful possession of cocaine, methamphetamine and marijuana while in state prison (Pen. Code, § 4573.6; undesignated section references are to this code).  In bifurcated proceedings, defendant admitted a strike prior (1992 first degree murder) (§§ 667, subds. (b)-(i), 1170.12).  The court imposed six years (the midterm of three years, doubled for the strike prior) with one-third, or two years, to run consecutively to defendant's current sentence, an eight-year determinate term and a 37 to life indeterminate term.

Defendant appeals, contending insufficient evidence supports his conviction for possession.  We reject his contention and affirm the judgment.

1

FACTS

Viewed in the light most favorable to the jury's verdict (*People v. Johnson* (1980) 26 Cal.3d 557, 576), the evidence adduced at trial reflects the following. On October 28, 2011, Correctional Officer Burke Scruggs and Correctional Sergeant John Zuber approached defendant who was standing in a sally port near a mechanical room. Officer Scruggs ordered defendant to submit to a search. Instead of complying with the order, defendant turned and ran through the door to the mechanical room, ignoring Officer Scruggs's orders to stop and to get on the ground. Officer Scruggs saw that defendant had both hands in front of him. Sergeant Zuber observed defendant reach into the "waistband pocket area of his pants" as he fled. Inside and towards the back of the mechanical room, defendant tripped and fell face down onto the floor. Officer Scruggs held defendant while other prison guards handcuffed defendant. After defendant was under control, both Sergeant Zuber and Officer Scruggs observed a civilian worker and another inmate in the rear of the room. Neither Sergeant Zuber nor Officer Scruggs noted these people in their reports, concluding these people were not involved in the incident. Sergeant Zuber retraced defendant's steps and found two cellophane wrapped bindles just inside the door to the mechanical room. The bindles contained controlled substances wrapped in smaller bindles: a total of 3.04 grams of cocaine base, 0.31 grams of methamphetamine, and 1.19 grams of marijuana, usable amounts of each. No fingerprints were found on the bindles.

Jamie Agredano, a civilian maintenance mechanic, was inside the mechanical room working with and supervising an inmate assistant. As they prepared to leave the room, an alarm sounded which meant there was a fight or a chase. Agredano advised his inmate assistant to move to the back of the room and to get down on the floor. Agredano walked towards the front of the room and defendant ran past him, throwing "two white things" to the floor on his right hand side. Agredano testified that the two bindles were not on the floor prior to defendant being chased into the room. Agredano also testified

2

that his inmate assistant did not throw the bindles onto the floor. Agredano admitted that as a result of an accident he had memory problems. Notwithstanding, he claimed he remembered the current incident "vividly."

Defendant testified. He admitted five prior felony convictions involving moral turpitude. He denied that the bindles were ever in his possession. He denied throwing or ever seeing the bindles in the mechanical room.

## DISCUSSION

### I

Defendant contends insufficient evidence supports his conviction for possession since Agredano had admitted memory problems, having no recollection of speaking with a district attorney investigator just two months before trial, having left tools twice at job sites in the prison, and having forgotten "until the last minute" that he had to be in court to testify. Defendant also claims Agredano's testimony was inconsistent in part with that of the prison guards.

The court instructed the jury on the factors to consider in evaluating the credibility or believability of a witness, including how well the witness was able to remember, that testimony should not be automatically rejected "just because of inconsistencies or conflicts," noting that people forget or make mistakes, and that the two people "may witness the same event yet see or hear it differently." The jury, which determines the credibility of a witness, could reasonably conclude that Agredano saw defendant throw the bindles onto the ground, considering that defendant ignored the guard's order to stop and submit to a search, Sergeant Zuber saw defendant reach into his waistband for something, and defendant was not credible in view of his numerous felony convictions involving moral turpitude; substantial evidence supports defendant's conviction. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

3

## II

We note an error in the trial court's characterization of the sentence and the resulting abstract of judgment. The trial court orally imposed six years with four years stayed and two years to run consecutive to defendant's current sentence. Although reaching the correct result, the sentence is more properly characterized as one-third the midterm of three years (doubled to six), for a two-year consecutive sentence. The abstract of judgment form (CR-290.1) improperly reflects a consecutive six-year sentence. The abstract of judgment form CR-290 should be used in this situation, as it provides the one-third consecutive option that the form CR-290.1 does not. We direct the trial court to prepare a form CR-290 to reflect a one-third consecutive sentence of two years for the drug possession charge.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to reflect the one-third consecutive sentence and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed.


        NICHOLSON        , Acting P. J.



We concur:



      ROBIE          , J.



      DUARTE        , J.


4